JUSTICE COTTER
concurs.
¶30 I concur in the Court’s decision. I write separately to state that even if there was an arguable question of fact of whether the Stipes suffered any damages as a result of FIB’s conduct, their claim would still be barred because they cannot establish the five elements necessary to support a negligence per se claim. Specifically, they cannot satisfy the second through the fourth elements of the negligence per se test as set forth in ¶ 14 of the Opinion-i.e., that the statute, § 81-8-303, MCA, was enacted to protect a specific class of persons, of which they are a member, and that their injury is the kind of injury the statute was enacted to prevent.
¶31 Section 81-8-303, MCA, is part of a chapter in the Montana Code which addresses “Security Interests Concerning Livestock.” This chapter is intended to protect the central livestock market and the Department of Livestock. Section 81-8-301(1), MCA, the opening statute in the chapter, sets forth the obligation of the Department of Livestock with respect to notices of security agreements and satisfaction, among others. It specifically provides that a livestock market to which livestock is shipped may not be held liable to a secured party for the proceeds of livestock sold through the market by *444 a debtor, unless notice of the security agreement is properly filed. A similar protection is extended to the Department of Livestock. Similarly, § 81-8-305, MCA, provides thatthe Department of Livestock is not responsible or liable to either a debtor or a secured party for the collection or payment of any money due to the holder of a security agreement covering livestock, if it carries out its obligations in good faith. Section 81-8-303, MCA, upon which the Stipes rely for their negligence per se claim, directs secured parties to file notices of satisfaction of security agreements with the Department of Livestock. It is clear from the context of this statute and the provisions of the other statutes in the chapter, that this obligation is intended for the protection of the livestock market and the Department of Livestock, and not for the protection of private parties engaged in livestock sales. This being the case, the Stipes simply cannot establish that the statute was enacted to protect them, nor can they establish that their injury is the kind of injury the statute was enacted to prevent. On this basis as well, I therefore join the Court in concluding that the District Court did not err in entering summary judgment on the Stipes’ negligence per se claims.
JUSTICE RICE joins in the Concurrence of JUSTICE COTTER.